

FILED
SUPERIOR COURT
OF GUAM

2018 FEB -2 PM 2: 05

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO.: CF0445-16** |
| vs. | **DECISION AND ORDER** |
| **WILLIAM MENO PEREZ,** | **(Re: Defendant's Motion To Exclude** |
| DOB: 05-15-1980 | **Healing Hearts Reports and Forensic** |
| | **Interview)** |
| **DEFENDANT.** | |

### INTRODUCTION

This matter came before the honorable Anita A. Sukola on July 14, 2017 on William Meno Perez's ("Defendant") Motion for Exclusion of Healing Hearts Reports and Forensic Interview. Attorney William Pole appeared on behalf of the Defendant. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **DENYING** the Defendant's Motion.

/ / /

/ / /

**ORIGINAL**

/ / /

/ / /

## BACKGROUND

On July 28, 2016, a Superior Court of Guam Grand Jury issued an Indictment charging the Defendant with two counts of First Degree Criminal Sexual Conduct (As a 1st Degree Felony) and two counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). Indictment 1-2 (July 28, 2016). The Defendant was arraigned on August 3, 2016 in the Superior Court of Guam where he pleaded not guilty and asserted his right to a speedy trial. Superior Court of Guam Minute Entry Log No. 13059 (Aug. 3, 2016).

On July 14, 2017, Defendant filed his Motion for Exclusion of Healing Hearts Reports and Forensic Interview. Def's Mot. To Exclude Healing Hearts Report (July 14, 2017). Defendant argues that the Healing Hearts examination and forensic interview were for the primary purpose of eliciting information to benefit the Prosecution, and therefore inadmissible hearsay not subject to the medical treatment exception. Id. On July 19, 2017, the People filed their Opposition to Defendant's Motion.

## DISCUSSION

The Defendant moves the Court to issue an order excluding an examination and an interview conducted by Healing Hearts Crisis Center. Def.'s Mot. To Exclude 1 (Jul. 14, 2017). The Defendant argues that the examination report and interview are hearsay not within any exception and that the Healing Hearts personnel are not qualified to be experts under Guam Rule of Evidence 702.

### I.    Guam Rule of Evidence 702: Expert Witnesses

Defendant argues that testimony from Healing Hearts employees is inadmissible on the basis that it is being offered as expert testimony despite the lack of credentials of these employees.

Guam Rule of Evidence 702 provides for testimony by expert witnesses and reads as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient

facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Guam R. Evid. 702.

Guam Rule of Evidence 702 is copied directly from the Federal rule. The United States Supreme Court, in determining a trial court's role determining the admissibility of expert testimony, has ruled that the court is to be a gate keeper for whether expert scientific testimony is admitted. Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137 (1999), the Court extended Dauber beyond scientific testimony, to include expert testimony involving technical and other specialized knowledge as well.

The Supreme Court of Guam has held that "[A] witness may be qualified based on their knowledge, skill, experience, training, education, or upon a combination of any of the five factors." Ueda v. Bank of Guam, 2005 Guam 23 ¶ 26. See Wright v. United States, 280 F.Supp.2d 472, 478 (M.D.N.C 2003) ("A witness may testify as to his specialized knowledge so long as he is qualified as an expert based on any combination of knowledge, skill, experience, training, or education.")

Defendant has correctly pointed out that a witness cannot testify to matters outside his or her expertise. However, Defendant has not provided the Court with any information as to who the experts are, what their credentials are, or what they will be testifying about.

The issue of whether Healing Hearts personnel qualify as experts under Guam Rule of Evidence 702 is not a question of their place of employment, but rather individual qualifications. The fact that a potential witness is employed at a particular workplace is not enough to qualify or disqualify that potential witness as an expert. Each individual offered must be certified based on his or her individual qualifications. Defendant's motion makes no reference to the qualifications of any of the potential witnesses. Defendant provides the Court with relevant law and a legal conclusion, but no facts or arguments. Defendant has also failed to show that the testimony from Healing Hearts personnel will be expert testimony. The Court therefore cannot exclude the testimony of Healing Hearts personnel based upon Defendant's present motion.

///

## II. Guam Rule of Evidence 803(4): Statements for Purpose of Medical Treatment

Defendant argues that the primary purpose of the Healing Hearts records are not medical, and therefore should not be admitted as an exception to the rule prohibiting hearsay.

Guam Rule of Evidence 803(4), which uses language tracking the Federal Rule, creates a hearsay exception for the following statements:

> "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Guam R. Evid. 803(4).

This rule is based on the understanding that statements made for the purpose of medical treatment are more likely to be true, and therefore are more trustworthy than other hearsay statements. "The Rule 803(4) exception to the hearsay rule is founded on a theory of reliability that emanates from the patient's own selfish motive – her understanding 'that the effectiveness of the treatment received will depend upon the accuracy of the information provided to the physician.'" United States v. Joe, 8 F.3d 1488, 1493-94 (10th Cir. 1993)) (quoting 2 McCormick on Evidence § 277, at 246-47 (John W. Strong ed., 4th ed. 1992)).

The Defendant argues that the purpose of Healing Hearts is not medical, but to build a case for the prosecution. Def's Mot. at 7. Defendant emphasizes that the examination was done after the Defendant had already been arrested and detained, and that the primary benefit of the examination was for the Government, and not the victim. Id. at 7.

In People v. Camacho, 2016 Guam 37 (2016), the Supreme Court of Guam ruled that statements made to Healing Hearts personnel were admissible under 803(4), despite the fact that the statements were made to a social worker and not a medical professional. The Court in Camacho relied on the Ninth Circuit's decision in People v. Ignacio, 10 F.3d 608, 613 (9th Cir. 1993), which held that statements made for the purpose of treating either physical or psychological needs can be properly admitted under 803(4).

The facts in <u>Camacho</u> were very similar to the facts of the current case. The victim in that case was taken to Healing Hearts, where an intake interview was conducted. The interview was followed by a physical examination. The Supreme Court held that statements made by the victim to Healing Hearts personnel were admissible under GRE 803(4) in the form of the Healing Hearts report as well as in-court testimony of the Healing Hearts employee. Defendant has failed to address the Supreme Court's holding in <u>Camacho</u>, and the Court does not view the facts currently presented as distinguishable from those in <u>Camacho</u>. For this reason, the Court cannot grant Defendant's motion to exclude the Healing Hearts reports or testimony from Healing Hearts personnel.

<u>CONCLUSION</u>

By preponderance of the evidence and based on the forgoing reasons, the Court DENIES the Defendant's Motion to Exclude the Healing Hearts Reports and Forensic Interview.

**SO ORDERED** this **FEB 0 2 2018** _____.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Atty William Pole

Date: 2/2/18    Time: _____

Deputy Clerk, Superior Court of Guam